# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANKLIN BOSTON,**

        Petitioner,

v.                                              Civil Action No. 3:07cv4
                                                   (Judge Bailey)

**JOYCE FRANCIS,**

        Respondent.

## ORDER TRANSFERRING CASE

The petitioner, through counsel, initiated this action on September 15, 2006, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia ("D.C. Court"). At the time this case was first filed, the petitioner was incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia. Accordingly, the petitioner's custodian at that time was Warden Joyce Francis and the D.C. Court properly transferred the case to this Court. Since that time, however, the petitioner has been released to parole and is currently residing in the District of Columbia, under the supervision of the D.C. Parole Board. Thus, the petitioner's custodian is now the D.C. Parole Board and all the parties in this case now reside in D.C. Consequently, the petitioner seeks transfer of this case back to the D.C. Court.

At the time this case was filed, this Court clearly had jurisdiction over the petitioner's custodian and venue was appropriate in this Court. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2006). Nonetheless, the petitioner has now been transferred outside the jurisdiction of this Court and has requested that his case be transferred back to the D.C. Court for the convenience of the parties. Although the Court recognizes that the petitioner's transfer does not deprive this Court of

subject matter jurisdiction, personal jurisdiction over the petitioner's new custodian now lies with the D.C. Court. Therefore, it appears that for the convenience of the parties,[1] venue would be more appropriate in that Court.

Accordingly, the petitioner's Motion to Transfer (dckt. 12) is **GRANTED**, and it is **ORDERED** that this matter be **TRANSFERRED** back to the United States District Court for the District of Columbia for all further proceedings. The Clerk is directed to terminate the instant case from the Court's active docket and transmit a copy of this Order to counsel of record.

DATED: September 19, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] In particular, the Court notes that petitioner's counsel is not licensed to practice in the state of West Virginia, nor does it appears that petitioner's counsel is admitted to practice before this Court. Moreover, all of the parties reside in D.C. and D.C. would be more convenient forum to litigate this case.